JUDGE CROTTY

08 CV 4413

BLANK ROME, LLP
Attorneys for Plaintiff
WAM SINGAPORE PTE LTD
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com



RECEIVED
MAY 09 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAM SINGAPORE PTE LTD,

    Plaintiff,

-against-

DOKOS MARINE S.A.,

    Defendant.

---

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff WAM SINGAPORE PTE LTD ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, DOKOS MARINE S.A., ("Defendant"), alleges upon information and belief as follows:

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333. As to any part of the claim not within this Court's admiralty jurisdiction, this Court has pendent or supplemental subject matter jurisdiction.

2.     At all material times, Plaintiff was and now is a Singapore corporation with its registered address at No. 17, Philip Street, #05-01, Grand Building, Singapore 048695 and with no place of business in the United States.

3. At all material times, Defendant was and is a Liberian corporation or other business entity organized with no place of business in the United States.

4. By a memorandum of agreement dated on or about January 14, 2008, ("the MOA"), Plaintiff agreed to purchase the ocean-going cargo vessel M/V GEM OF ROZI (ex AKROPOLIS) ("the Vessel") from Defendant.

5. Pursuant to the MOA, Plaintiff was to pay defendant for the value of bunkers remaining on board at the time the Vessel was delivered to Plaintiff. In fact, upon delivery of the vessel by Defendant to Plaintiff on April 14, 2008, Plaintiff paid Defendant $1,316,400.15 for bunkers based on the following quantities being understood to be on board: 2,377.638 MT of fuel oil (IFO) and 246.449 MT of diesel oil (MGO) on board. These quantities were based on figures apparently obtained by SGS Greece SA in a survey performed on April 11, 2008 (with minor allowance for consumption between April 11 and delivery of the Vessel on April 14, 2008); however, no representative of Plaintiff was present during SGS's survey.

6. Shortly after the sale, however, Plaintiff located documents on board the Vessel which indicate that at the time the Vessel was redelivered to Defendant by its charterer on April 6, 2008, *i.e.*, only eight days before the Vessel was delivered to Plaintiff, the Vessel had on board only 754 MT IFO and 107 MT MGO.

7. On information and belief, and as is confirmed by Defendant's records found on board the Vessel following delivery, no additional bunkers were taken on board the Vessel between the time of redelivery by Defendant's charterer on April 6, 2008 and delivery to plaintiff under the MOA on April 14, 2008.

8. According to bunker invoices provided to Plaintiff by Defendant, the Vessel had 1099.089 MT of IFO at a value of US$439/MT and 200.01 MT of MGO at a value of

US$850/MT delivered on board on February 2, 2008. The Vessel also had 1,200 MT of IFO at a value of US$487/MT and 200 MT of MGO at a value of US$888/MT delivered on board the Vessel on December 21, 2007. No records exist on board the Vessel, and no records have been supplied to Plaintiff by Defendant or otherwise, reflecting any bunkers delivered to the Vessel after February 2, 2008. Accordingly, based on the bunker quantities and values reflected in Defendant's own documents, the value of the bunkers on board the Vessel at the time of delivery to Plaintiff under the MOU was only US$421,956 (754 MT x US$439 = US$331,006 plus 107MT x US$ 850MT = US$90,950). Thus, based on Defendant's own documents, Defendant overcharged Plaintiff for bunkers by US$907,361.

9. By correspondence dated May 8, 2008, Plaintiff wrote to Defendant via the broker requesting an explanation of the discrepancies in the documents reflecting the quantities of bunkers on board at delivery under the MOA. By e-mail dated May 9, 2008, Plaintiff's London solicitors wrote to Defendant also via the broker again requesting an immediate explanation for the quantity discrepancy and also advising that "There have been problems with gas oil with almost 35 MT of water and sludge being drained from the service tank. The sediment contains red water and sand. There have been generator breakdowns/blackouts. There have been main engine problems causing slow steaming and stoppages with filters clogging." As of the date of this Verified Complaint, no response to these requests has been received from Defendant.

10. As of the date of the filing of this Complaint, the Vessel is presently at sea and is expected to arrive at Port Said, Egypt on May 14, 2008, barring further mechanical problems.

11. In the meantime, on information and belief, and based on reports of substantial amounts of water and sludge removed from the Vessel's service tank, and on the clear evidence showing that the Vessel had substantially less bunkers on board than reflected in the SGS survey,

and in view of Defendant's failure to offer any explanation for this clear discrepancy, Plaintiff contends that the discrepancy is the result of intentional, fraudulent and/or negligent act by Defendant, by altering or tampering with the tank sounding pipes or, alternatively, by introducing foreign substances such as water into the bunker tanks, or otherwise, undertaken with the intent to deceive Plaintiff and/or with reckless or negligent disregard for the consequences of said acts, on the basis of which act(s) Plaintiff reasonably believed the bunker quantity figures used by Defendant to calculate the payment by Plaintiff for bunkers upon delivery, and by which act(s) Plaintiff was deceived, all of which resulted in Plaintiff's being damaged in the principal amount of US$907,361.

12. The MOA provides for arbitration of disputes in London. To the extent the claims herein arise out of the MOA, Plaintiff reserves it right to arbitrate the disputes pursuant to 9 U.S.C. § 8.

13. In the event the claims herein are not subject to arbitration in London pursuant to the MOA, the Plaintiff reserves the right to commence suit in England, where the MOA calls for resolution of disputes, Greece, where Defendant is located, or Singapore, where Plaintiff is located.

14. Irrespective of whether this action is pursued in court or arbitration in England or in court in Greece or in Singapore, on information and belief all of those jurisdictions routinely award attorneys' fees and costs to the prevailing party. Pre-judgment interest is also routinely awarded. Plaintiff estimates attorneys' fees and costs of US$500,000 and pre-judgment interest at 7%, compounded quarterly for three years, or $210,000, would be awarded to Plaintiff in any of those jurisdictions.

15. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$1,617,361**.

16. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Plaintiff believes that Defendant will have property or assets, in the form of electronic funds transfers or otherwise, in the hands of garnishees in this District during the pendency of this action because defendant conducts business internationally in U. S. Dollars, and all cross-border electronic fund transfers pass through intermediary banks in the United States, primarily in New York.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendant up to the amount of **US$1,617,361** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 9, 2008

                                               Respectfully submitted,
                                               BLANK ROME, LLP
                                               Attorneys for Plaintiff
                                               WAM SINGAPORE PTE LTD

                                               By _____
                                                     Thomas H. Belknap, Jr. (TB-3188)
                                               405 Lexington Ave.
                                               New York, NY  10174-0208
                                               (212) 885-5000
                                               tbelknap@blankrome.com

## **VERIFICATION**

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                                                     _____
                                                                                     Thomas H. Belknap, Jr.

Sworn to before me this
9th day of May, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires   Nov. 30, 2009

900200.00001/6637992v.1

7

BLANK ROME, LLP
Attorneys for Plaintiff
WAM SINGAPORE PTE LTD
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WAM SINGAPORE PTE LTD,<br><br>    Plaintiff,<br><br> -against-<br><br>DOKOS MARINE S.A.,<br><br>    Defendant. | 08 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK  )
          ) ss:
COUNTY OF NEW YORK )

  THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

  1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, DOKOS MARINE S.A. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation with no office or place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

                                                                                                                    THOMAS H. BELKNAP, JR.

Sworn to before me this
9th day May, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

900200.00001/6638101v.1

2